UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MED-TRANS CORPORATION, *et al*,

Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

Defendant.

_____ /

Case No. 25-13127

F. Kay Behm
United States District Judge

### ORDER GRANTING DEFENDANT'S EMERGENCY MOTION
### TO EXTEND ANSWER DEADLINE (ECF No. 15)

Defendant Blue Cross Blue Shield of Michigan brings this emergency motion
to extend the deadline to answer the complaint.  (ECF No. 15, 16).  Plaintiff has
filed a brief in opposition to the request.  (ECF No. 17).  Both parties request oral
argument on the motion.  However, the court finds that oral argument is not
necessary and orders submission and determination without hearing.  ED Mich.
LR 7.1(f)(2).

According to Defendant after the Complaint was filed in October 2025, the
parties engaged in extensive settlement negotiation for about two months,
through the 2025 holidays.  Defendant did not immediately engage outside
counsel, believing an out-of-court resolution was possible.  After negotiations

1

ultimately fell apart, Defendant engaged outside counsel and counsel attempted to negotiate an extension of time to answer the complaint.  Defendant's counsel requested an extension of 60-90 days, but Plaintiffs' counsel would only agree to a shorter extension, through February 13, 2026.  Defendant argues that the litigation involves complex issues under the No Surprises Act and ERISA and thus it requires more than 14 days to adequately analyze Plaintiffs' claims and prepare a defense.

Under Fed. R. Civ. P. 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" If "a request is made, before the original time or its extension expires[,]" as is the case here, no showing other than good cause is required.  *See id*.  On one hand, it appears that prior extensions were granted based on the good faith settlement negotiations between the parties.  On the other hand, nothing prevented Defendant from preparing an answer and engaging outside counsel during that extensive time the parties were negotiating.  Given that Defendant only recently engaged counsel engaged outside counsel after engaging in good faith settlement negotiations for a period of time, the court finds good cause to allow an additional extension of time beyond that granted by Plaintiffs here.  However, the court finds that 60-90

days beyond the current extension to be excessive.  Defendant must answer or

otherwise respond to the complaint by **March 13, 2026**.

    **SO ORDERED**.

Date: February 5, 2026                  <u>s/F. Kay Behm</u>
                                         F. Kay Behm
                                         United States District Judge